IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENIGNO TORRES-BENITEZ, : No. 3:25cv1357
:
          Petitioner : (Judge Munley)
:
   v. :
:
WARDEN, FPC-SCHUYLKILL, :
:
          Respondent :
............................................................................................................

**MEMORANDUM**

Petitioner Benigno Torres-Benitez ("Torres-Benitez") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Torres-Benitez asserts that he is entitled to have the credits he accrued under the First Step Act ("FSA") applied to his sentence. The petition is ripe for disposition and, for the reasons set forth below, the court will dismiss the habeas petition.

I.   **Background**

On February 24, 2022, in the United States District Court for the District of Puerto Rico, Torres-Benitez pled guilty to conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. See United States v. Torres-Benitez, No. 3:21-cr-66-2 (D.P.R.), Doc. 401. Based on his admission of guilt, Torres-Benitez was charged with a supervised

release violation. See United States v. Torres-Benitez, No. 3:10-cr-244-3 (D.P.R.), Doc. 6023. On June 16, 2022, Torres-Benitez was sentenced to an aggregate 132-month term of imprisonment. Torres-Benitez, No. 3:21-cr-66-2, Doc. 547; Torres-Benitez, No. 3:10-cr-244-3, Doc. 6023. His projected release date is September 17, 2030, via good conduct time. (Doc. 7-4, Public Information Inmate Data).

While in BOP custody, Torres-Benitez filed four administrative remedies. (Doc. 7-5, Administrative Remedy Generalized Retrieval). Of those four remedies, only one—Remedy Number 1146054-F1—concerns the allegations in the instant habeas petition. (Id. at 2, Remedy Number 1146054-F1). The institution denied the remedy on initial review. (Id.; see also Doc. 7-3, Declaration of Joshua M. Bower ("Bower Decl."), at 3 ¶ 9). Torres-Benitez never appealed this remedy to the Regional or Central Offices. (Id.).

In his Section 2241 petition, Torres-Benitez contends that the Federal Bureau of Prisons ("BOP") improperly denied him FSA time credits, improperly disallowed 31 days of FSA time credits, and he argues that the BOP's alleged failure to apply his accrued FSA time credits has delayed his transition to a Residential Re-entry Center ("RRC") or home confinement. (Docs. 1, 2). He seeks immediate recalculation of his sentence and home confinement eligibility date, and immediate release. (Doc. 1, at 3; Doc. 2, at 2).

According to the most recent FSA time credit assessment dated July 25, 2025, Torres-Benitez has accrued 1,003 FSA credits. (Doc. 7-9). The BOP has applied 365 FSA credits towards early release—the maximum allowed by statute—resulting in an FSA release date of September 17, 2029. (Id.; see also 18 U.S.C. § 3624(g)(3)). The remaining FSA time credits may be applied to prerelease custody placement. However, under 18 U.S.C. 3624(g)(1)(A), they cannot be applied until their amount equals the remainder of Torres-Benitez's sentence, which would be his FSA conditional placement date of March 1, 2028. (Doc. 7-9).

Torres-Benitez has not yet been provided an individualized review under the Second Chance Act of 2007 ("SCA").[1] (Doc. 7-9). With up to 12 months of RRC placement under the Second Chance Act, his earliest SCA RRC placement date would be March 1, 2027. See 18 U.S.C. § 3624(g)(1)(A).

Respondent argues that the § 2241 petition must be dismissed on the following grounds: (1) the court lacks subject matter jurisdiction; (2) Torres-Benitez failed to exhaust his administrative remedies before filing the instant habeas petition; and, alternatively, (3) the petition lacks merit. (Doc. 7). The

---

[1] On April 9, 2008, the Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 697 ("Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, went into effect. The Act contains provisions designed to aid prisoners in their return to society outside of prison and increases the duration of prerelease placement in an RRC from 6 to 12 months. 18 U.S.C. §§ 3624(c)(1), (c)(6)(C).

3

court finds that it lacks jurisdiction over Torres-Benitez's challenge under the FSA regarding time in prelease custody, and that Torres-Benitez failed to exhaust his administrative remedies; therefore, the court does not reach the merits of the claim.

II. <u>Discussion</u>

A. <u>Exhaustion of Administrative Review</u>

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." <u>Moscato v. Federal Bureau of Prisons</u>, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); <u>Callwood v. Enos</u>, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." <u>Moscato</u>, 98 F.3d at 761-62 (citations omitted); <u>Bradshaw v. Carlson</u>, 682 F.2d 1050, 1052 (3d Cir. 1981).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process,

which are set forth in the Code of Federal Regulations. See generally 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. See id. §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. See id. § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. See id. An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. See id. (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw, 682 F.2d at 1052). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982). "In order to invoke the

5

futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (quoting D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002)).

Here, the record reflects that, although Torres-Benitez filed one administrative remedy concerning FSA time credits—number 1146054-F1—he undisputably failed to properly exhaust that remedy. (See Doc. 7-5). Torres-Benitez's Administrative Remedy Generalized Retrieval report demonstrates that he never appealed the denial of administrative remedy 1146054-F1 to the Regional or Central Offices—the necessary steps to fully exhaust his administrative remedy. (Id.; see also Doc. 7-3, Bower Decl., at 3 ¶ 9). Rather than comply with the exhaustion requirements, Torres-Benitez bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Torres-Benitez concedes his failure to exhaust and argues that exhaustion should be excused as futile. (Doc. 1, at 2 ¶ 15; Doc. 2, at 2; Doc. 8, at 2). Torres-Benitez argues that he should not have to exhaust his administrative remedies because the administrative remedy process could take time to complete, his Unit Team refused to apply his FSA time credits, and he should be released before the process is completed. (Doc. 1, at 2 ¶ 15 (stating that

exhaustion is futile and "each additional day of custody past his lawful release date constitutes unlawful imprisonment"); Doc. 2, at 2; Doc. 8, at 2).  The court, however, is unpersuaded by Torres-Benitez's argument, as it does not provide a basis to excuse exhaustion.  See, e.g., Rodriguez v. Sage, No. 22-cv-02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)).  Additionally, the court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground.

Torres-Benitez was required to pursue his claim through final review with the General Counsel and receive a decision from the General Counsel.  See 28 C.F.R. § 542.15(a).  He failed to do so.  Torres-Benitez has not set forth any facts or advanced any plausible argument that would permit this court to find that exhaustion of administrative remedies would subject him to irreparable injury.  He has not set forth any basis to circumvent the prudential exhaustion requirement for Section 2241 petitions.

The court finds that Torres-Benitez's claim must first be presented to BOP officials and fully exhausted.  Because Torres-Benitez did not fully exhaust his

administrative remedies before petitioning this court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

B.   Torres-Benitez's Claim is Not Cognizable under Section 2241

Assuming that administrative exhaustion could be excused, Torres-Benitez's claim is not cognizable under Section 2241. The record reflects that the BOP has applied 365 FSA credits towards early release, the maximum amount permitted by law. (Doc. 7-9; see 18 U.S.C. § 3624(g)(3)). Torres-Benitez is challenging the BOP's alleged failure to designate him to an RRC or "other appropriate custody", and his FSA credit calculation challenge essentially involves a request for earlier transfer to prerelease custody. (Doc. 1, at 2-3). However, this Section 2241 challenge, which implicates the execution of his sentence (i.e., where the remainder of his sentence is served), is not cognizable on habeas review.

The core of habeas corpus usually involves a challenge to the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 487-88, 500 (1973). In Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that—in addition to the fact or duration of confinement—prisoners may also challenge the "execution" of their sentences in a petition under 28 U.S.C. § 2241. See

administrative remedies before petitioning this court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

B.   Torres-Benitez's Claim is Not Cognizable under Section 2241

Assuming that administrative exhaustion could be excused, Torres-Benitez's claim is not cognizable under Section 2241. The record reflects that the BOP has applied 365 FSA credits towards early release, the maximum amount permitted by law. (Doc. 7-9; see 18 U.S.C. § 3624(g)(3)). Torres-Benitez is challenging the BOP's alleged failure to designate him to an RRC or "other appropriate custody", and his FSA credit calculation challenge essentially involves a request for earlier transfer to prerelease custody. (Doc. 1, at 2-3). However, this Section 2241 challenge, which implicates the execution of his sentence (i.e., where the remainder of his sentence is served), is not cognizable on habeas review.

The core of habeas corpus usually involves a challenge to the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 487-88, 500 (1973). In Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that—in addition to the fact or duration of confinement—prisoners may also challenge the "execution" of their sentences in a petition under 28 U.S.C. § 2241. See

Woodall, 432 F.3d at 241-44. The Woodall Court acknowledged that "the precise meaning of 'execution of the sentence' is hazy." Id. at 242.

In Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), the Court of Appeals clarified the jurisdictional boundaries for execution-of-sentence habeas challenges. In Cardona, the Third Circuit considered whether a claim challenging the BOP's decision to transfer the petitioner to the Special Management Unit—a highly restrictive form of confinement—was cognizable in a Section 2241 habeas petition as a claim challenging the execution of the petitioner's sentence. Cardona, 681 F.3d at 531, 535-37. The court summarized two earlier Third Circuit cases that analyzed what claims could be brought to challenge the execution of a sentence under Section 2241—Woodall and McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010). The court reasoned that the claims at issue in Woodall and McGee were cognizable because they "both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment." Cardona, 681 F.3d at 536. "That is, both petitions claimed that the BOP was not properly 'put[ting] into effect or carry[ing] out' the directives of the sentencing judgment." Id. (quoting Woodall, 432 F.3d at 243). The court in Cardona thus held, "[i]n order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."

Id. at 537. Because the petitioner's claim did not argue that such an inconsistency was present, the court found that he was not properly challenging the "execution" of his sentence and held that it was not a cognizable Section 2241 habeas claim. Id. at 537, 538.

Similarly, Torres-Benitez has not alleged that the BOP's conduct regarding prerelease custody is inconsistent with an express command or recommendation in his judgment of sentence. Torres-Benitez's sentencing judgment does not address or discuss prerelease custody. See Torres-Benitez, No. 3:21-cr-66-2, Doc. 547; Torres-Benitez, No. 3:10-cr-244-3, Doc. 6023. Accordingly, Torres-Benitez's habeas petition does not properly challenge the "execution" of his sentence and this court lacks jurisdiction over his claim. See Cardona, 681 F.3d at 537, 538. As such, the Section 2241 petition must be dismissed.

### III. Conclusion

Consistent with the foregoing, the court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). An appropriate order shall issue.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

Dated:   September 4, 2025